NO SUMMONS ISSUED    CLERK

2012 FEB 28  PM 12: 52

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

------------------------------------------------------------

SUNDEL QUILES and MICHAEL DEMICO,

Civ. 12-0953

Plaintiffs,

-against-

NOTICE OF REMOVAL

HOME DEPOT U.S.A., INC. d/b/a THE HOME
DEPOT, FRANK MORENA, KEN COSTA,
RONNIE OTTO, PENNY GLASS, ANDERSON
MANRIQUE, ANGELO CONETTA, LUIS
NINAN and JOHN DECICCO,

Defendants.

POLLAK, M.J

------------------------------------------------------------ X

To The Honorable Judges of The United States District Court for The Eastern of New York:

Removing parties, Home Depot U.S.A., Inc. d/b/a The Home Depot, Frank

Morena, Ken Costa, Ronnie Otto, Penny Glass, Anderson Manrique, Angelo Conetta, Luis

Ninan and John Decicco (collectively "Home Depot"), by their attorneys, D'Amato & Lynch,

LLP, respectfully show this Court:

1.    Home Depot are the defendants in the above-entitled action.

2.    On or about December 23, 2011, the above-entitled action was

commenced against Home Depot by the filing of a Summons and Verified Complaint in the

Supreme Court of the State of New York, County of Queens, under Index No. 28804/11, and is

now pending therein.  A copy of plaintiffs' Summons and Verified Complaint is annexed

hereto as Exhibit "A".

3.     Home Depot has not yet served their answer to the Complaint which is due on March 1, 2012 and is awaiting the Affidavits of Service from plaintiff.

4.     No further proceedings have been held herein in the Supreme Court of the State of New York, County of Queens.

5.     Home Depot U.S.A., Inc. d/b/a The Home Depot is a corporation duly organized and existing pursuant to the laws of the State of Delaware, having its principal office in the State of Georgia.

6.     Plaintiffs in the above-entitled action seek recovery for alleged violations of their civil rights, under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983, occurring at the Home Depot store located at 75-09 Woodhaven Boulevard, Glendale, New York  11385 (the "Store"), on May 12, 2011.

7.     Plaintiffs allege that Home Depot falsely accused plaintiffs of theft from Home Depot, resulting in plaintiffs' arrest, detention and criminal prosecution.

8.     Plaintiffs further claim that Home Depot was negligent in the hiring and training of its employees.

9.     This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332, as plaintiffs claim violations of their rights under the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983, and the action may therefore be removed to this Court pursuant to 28 U.S.C. §1441(b).

10.     This notice is timely filed pursuant to 28 U.S.C. §1446.

**WHEREFORE,** removing parties Home Depot U.S.A., Inc. d/b/a The Home Depot, Frank Morena, Ken Costa, Ronnie Otto, Penny Glass, Anderson Manrique, Angelo

Conetta, Luis Ninan and John Decicco pray that the above-entitled action be removed from the

Supreme Court of the State of New York, County of Queens, to this Court.

Dated: New York, New York
       February 28, 2012

Yours, etc.,

D'AMATO & LYNCH, LLP

By: _____
       Arturo M. Boutin, Esq.

*Attorneys for Defendants*
*HOME DEPOT U.S.A., INC. d/b/a THE*
*HOME DEPOT, FRANK MORENA, KEN*
*COSTA, RONNIE OTTO, PENNY GLASS,*
*ANDERSON MANRIQUE, ANGELO*
*CONETTA, LUIS NINAN and JOHN*
*DECICCO*
Two World Financial Center
New York, New York  10281
(212) 269-0927
**Our File No.:  434-78027**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.: 28804/11

--------------------------------------------------------------X

SUNDEL QUILES and MICHAEL DEMICO,

**SUMMONS**

Plaintiff(s),

Plaintiff resides at:
17 Fenwood Drive, B
Pawling, NY 12564

- against -

HOME DEPOT U.S.A, INC., d/b/a THE HOME DEPOT,
FRANK MORENA, KEN COSTA, RONNIE OTTO,
PENNY GLASS, ANDERSON MANRIQUE, ANGELO
CONETTA, LUIS NINAN and JOHN DECICCO

Defendant(s),

--------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance
on plaintiff's attorneys within 20 days after service of this summons, exclusive of the day of
service or within 30 days after service is complete if this summons is not personally delivered to
you within the State of New York. In case of your failure to answer, Judgment will be taken
against you by default for the relief demanded in the Complaint.

The basis of the venue designated is the place of incident.

Dated: New York, New York
December 23, 2011

Yours, etc.,

By: Andrew C. Laufer
Law Office of Andrew C. Laufer, PLLC
Attorney for Plaintiffs
255 West 36th Street, Suite 1104
New York, NY, 10018
(212) 422-1020

**DEFENDANT'S ADDRESSES:**

HOME DEPOT U.S.A, INC.
c/o CORPORATION SERVICE COMPANY
80 State Street
Albany, New York 12207

FRANK MORENA
1732 Frederick Avenue
Merrick, New York 11566

FRANK MORENA
c/o District Office
600 Hempstead Turnpike
Elmont, New York 11003

KEN COSTA
35 Ridgeley Road
Smithtown, New York 11787

KEN COSTA
c/o District Office
600 Hempstead Turnpike
Elmont, New York 11003

RONNIE OTTO

RONNIE OTTO
c/o District Office
600 Hempstead Turnpike
Elmont, New York 11003

PENNY GLASS

PENNY GLASS
c/o District Office
600 Hempstead Turnpike
Elmont, New York 11003

ANDERSON MANRIQUE

ANDERSON MANRIQUE
c/o The Home Depot
92-30 168th Street
Jamaica, New York 11433

ANGELO CONETTA
14 Garfield Street
Garden City, New York 11530

ANGELO CONETTA
c/o District Office
600 Hempstead Turnpike
Elmont, New York 11003

LUIS NINAN
1131 Lydia Drive
Franklin Square, New York 11010

LUIS NINAN
c/o District Office
600 Hempstead Turnpike
Elmont, New York 11003

JOHN DECICCO

JOHN DECICCO
c/o The Home Depot
202 Airport Plaza
Farmingdale, New York 11735

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.: 28804/11

------------------------------------------------------------X

SUNDEL QUILES and MICHAEL DEMICO,

**VERIFIED COMPLAINT**

Plaintiff(s),

- against -

HOME DEPOT U.S.A, INC., d/b/a THE HOME DEPOT,
FRANK MORENA, KEN COSTA, RONNIE OTTO,
PENNY GLASS, ANDERSON MANRIQUE, ANGELO
CONETTA, LUIS NINAN and JOHN DECICCO

Defendant(s),

------------------------------------------------------------X

Plaintiffs, by their attorney Law Office of Andrew C. Laufer, PLLC, complaining of

defendants, alleges as follows, upon information and belief:

## THE DEFENDANTS

1.      That at all times herein mentioned, defendant HOME DEPOT U.S.A, INC.,d/b/a THE

HOME DEPOT (hereinafter "HOME DEPOT") was and is a foreign business corporation,

organized and existing under and by virtue of the laws of the State of New York.

2.      That at all times herein mentioned, defendant owned, operated, managed, maintained, and

controlled a retail business located at 75-09 Woodhaven Boulevard, Glendale, New York 11385

3.      That at all times herein mentioned, defendants, FRANK MORENA, KEN COSTA,

RONNIE OTTO, PENNY GLASS, ANDERSON MANRIQUE, ANGELO CONETTA, LUIS

NINAN and JOHN DECICCO  (hereinafter "employee defendants") were and employees of

Home Depot, and were acting within the course and scope of their employment with Home

Depot.

4.      That at all times herein mentioned, HOME DEPOT, its agents, servants and/or

employees, including, were under an obligation to operate, manage, maintain, and control the

premises and activities thereat in a careful, safe, and lawful manner, such that no persons lawfully within and around the premises would be caused to sustain personal injuries.

5.      That at all times herein mentioned, HOME DEPOT was under an obligation to use reasonable care in the hiring, training, and retention of its employees.

## FACTUAL BACKGROUND

6.      Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

7.      That on May 12, 2011, plaintiffs were lawfully at and around the premises of HOME DEPOT, having exited the store to go for a lunch break.

8.      That plaintiffs had been present at the request of employee defendants to investigate and apprehend a shoplifter at the Home Depot location.

9.      That thereafter, employee defendants summoned the New York Police Department (hereinafter "the NYPD") to the premises and falsely accused plaintiffs of stealing Home Depot gift cards.

10.     That employee defendants knew that the statements made to the NYPD, and accusation that plaintiffs had stolen the items, were false.

11.     That employee defendants made these statements maliciously, out of spite and ill will, and for the purpose of having plaintiffs arrested.

12.     That HOME DEPOT, by and through its agents, servants and/or employees, including defendant employees, thereby wrongfully instigated, importuned, and encouraged members of the NYPD to arrest plaintiffs.

13.     That based on the false accusations, instigation, importuning, and encouragement by HOME DEPOT, its agents, servants and/or employees, plaintiffs were detained, arrested, and imprisoned by the NYPD.

14.     That HOME DEPOT, by and through its agents, servants and/or employees, willfully participated in joint activity with the NYPD in effectuating the arrest and detention of plaintiffs.

15.     That following the incident at HOME DEPOT, plaintiffs were wrongfully and falsely imprisoned for a period of approximately six hours.

16.     That on May 16, 2011, plaintiffs were notified that their employment with HOME DEPOT was terminated.

17.     That plaintiffs, at all times prior to termination, complied with all requirements of the Home Depot Code of Conduct.

18.     That after being maliciously prosecuted for a period of approximately four weeks, all criminal charges against plaintiffs were dismissed on the merits, and the criminal prosecution against plaintiffs terminated in favor of plaintiffs.

19.     That as a result of the aforementioned actions of defendants, plaintiffs sustained personal injuries, endured and continue to endure emotional and psychological pain and suffering and a loss of enjoyment of life, sustained and will continue to sustain economic loss, including loss of income and healthcare expenses, and has otherwise been damaged.

20.     That all of the causes of action herein fall within one or more of the exceptions contained in CPLR Article 16 with respect to joint and several liability.

## FIRST CAUSE OF ACTION

21.     Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

22. That by virtue of the aforementioned acts by HOME DEPOT and its agents, servants and/or employee, HOME DEPOT, FRANK MORENA, KEN COSTA, RONNIE OTTO, PENNY GLASS, ANDERSON MANRIQUE, ANGELO CONETTA, LUIS NINAN, and JOHN DECICCO are liable to plaintiffs for false arrest and false imprisonment.

## SECOND CAUSE OF ACTION

23. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

24. That by virtue of the aforementioned acts by HOME DEPOT and its agents, servants and/or employees, HOME DEPOT, FRANK MORENA, KEN COSTA, RONNIE OTTO, PENNY GLASS, ANDERSON MANRIQUE, ANGELO CONETTA, LUIS NINAN, and JOHN DECICCO are liable to plaintiffs for malicious prosecution.

## THIRD CAUSE OF ACTION

25. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

26. That by virtue of the aforementioned acts by HOME DEPOT and its agents, servants and/or employees, HOME DEPOT evinced a failure to use reasonable care in the hiring, training, and retention of its employees, including FRANK MORENA, KEN COSTA, RONNIE OTTO, PENNY GLASS, ANDERSON MANRIQUE, ANGELO CONETTA, LUIS NINAN and JOHN DECICCO, a knowing retention of employees who were unfit for their job, and HOME DEPOT is liable to plaintiffs in negligence and recklessness.

## FOURTH CAUSE OF ACTION

27. Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

28.     That by virtue of the aforementioned acts by HOME DEPOT, its agents, servants and/or

employees, plaintiffs were deprived of their civil rights guaranteed under the Constitution of the

United States, including his right under the Fourth Amendment to the US Constitution to be free

from unreasonable or unlawful searches and seizures, and HOME DEPOT, FRANK MORENA,

KEN COSTA, RONNIE OTTO, PENNY GLASS, ANDERSON MANRIQUE, ANGELO

CONETTA, LUIS NINAN and JOHN DECICCO therefore are liable to plaintiffs for damages

under 42 USC § 1983.

        WHEREFORE, plaintiffs demand judgment against defendants, and each of them, on the

aforementioned causes of action, for compensatory damages and punitive damages in an amount

that exceeds the jurisdictional limitations of all lower courts that otherwise would have

jurisdiction over this matter, and plaintiffs further demand attorney's fees against HOME

DEPOT, FRANK MORENA, KEN COSTA, RONNIE OTTO, PENNY GLASS, ANDERSON

MANRIQUE, ANGELO CONETTA, LUIS NINAN and JOHN DECICCO, pursuant to 42 USC

§ 1988, and the costs and disbursements of this action.

Dated:  New York, New York
        December 23, 2011

                                        Yours, etc.
                                        Law Office of Andrew C. Laufer

                                        By: Andrew C. Laufer
                                        Law Office of Andrew C. Laufer, PLLC
                                        Attorney for Plaintiffs
                                        255 West 36th Street, Suite 1104
                                        New York, NY, 10018
                                        (212) 422-1020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS                                          Index No.:
------------------------------------------------------------X
SUNDEL QUILES and MICHAEL DEMICO,                  **VERIFICATION**
                                        Plaintiff(s),

          - against -

HOME DEPOT U.S.A, INC., d/b/a THE HOME DEPOT,
FRANK MORENA, KEN COSTA, RONNIE OTTO,
PENNY GLASS, ANDERSON MANRIQUE, ANGELO
CONETTA, LUIS NINAN and JOHN DECICCO
                                        Defendant(s),
------------------------------------------------------------X

          ANDREW C. LAUFER, an attorney duly admitted to practice law in the Courts of New

York, affirms the following to be true:

1.        That I am the owner of the Law Office of Andrew C. Laufer, PLLC, attorney for the

plaintiffs, SUNDEL QUILES and MICHAEL DEMICO, in the within action. That I have read

the foregoing complaint and know the contents thereof, and that the same are true to my

knowledge, except as to the matters herein stated to be alleged upon information and belief, and

that as to these matters I believe them to be true.

2.        That the sources of my information and knowledge are records and investigation reports

maintained within the file.

3.        That the reason this verification is made by the affirmant and not by the plaintiff is that

the plaintiff does not reside in the County of New York, which is the county wherein this firm

maintains its office.

Dated: New York, New York
          December 23, 2011

Yours, etc.

By: Andrew C. Laufer
Law Office of Andrew C. Laufer, PLLC
Attorney for Plaintiff
255 West 36th Street, Suite 1104
New York, NY, 10018
(212) 422-1020

SUPREME COURT OF THE STATE OF NEW YORK          COUNTY OF QUEENS

I, the undersigned, an attorney admitted to practice in the courts of New York State.

☐ Certification by    certify that the within

Attorney          has been compared by me with the original and found to be a true and complete copy.

☐ Attorney's    state that I am

Affirmation        the attorney(s) of record for
action; I have read the foregoing                                    in the within
                                                          and know the contents thereof;
the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief,
and as to those matters I believe it to be true. The reason this verfication is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

        Dated: 12/27/2011

The name signed must be printed beneath

SUPREME COURT OF THE STATE OF NEW YORK          COUNTY OF QUEENS

I, the undersigned, being duly sworn, depose and say: I am

☐ Individual    in the action; I have read the foregoing

Verification    and know the contents thereof; the same is true to my own knowledge, except as to the matters

therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate    The                        of

Verification    a                          corporation and a party in the within action; I have read the
foregoing and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein
stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification
is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

        Sworn before me on
        12/27/2011                                    The name signed must be printed beneath

SUPREME COURT OF THE STATE OF NEW YORK          COUNTY OF QUEENS

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside in Queens, NY.
                On    12/27/2011    I served the within

| ☐ Service by Mail | by mailing a copy to each of the following persons at the last known address set forth after each name below. |
|---|---|
| ☐ Service on Individual | by delivering a true copy of each personally to each person below at the address indicated. I knew each person served to be the person mentioned and described in the said papers as *a party therein:* |
| ☐ Electronic Service | by transmitting a copy to the following persons by o FAX at the number set forth after each name below o EMAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name. |
| ☐ Overnight Service | by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below. |

        Sworn before me on
        12/27/2011                                    The name signed must be printed beneath

SUNDEL QUILES and MICHAEL DEMICO,

Plaintiff(s),

-against-

Plaintiff resides at:
17 Fenwood Drive, B
Pawling, NY 12564

HOME DEPOT U.S.A, INC., d/b/a THE HOME DEPOT,
FRANK MORENA, KEN COSTA, RONNIE OTTO,
PENNY GLASS, ANDERSON MANRIQUE, ANGELO
CONETTA, LUIS NINAN, and JOHN DECICCO

Defendants(s).

---

**SUMMONS**

---

**LAW OFFICE OF ANDREW C. LAUFER, PLLC**

**Attorney(s) for PETITIONER**

Office and Post Office Address
255 W. 36th Street, Suite 1104
New York, NY 10018

Tel: (212) 422 1020
Fax: (212) 422 1069

---

To:

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated:

Attorney(s) for:

---

PLEASE TAKE NOTICE:

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ **NOTICE OF SETTLEMENT**
that an order of which the within is a true copy
will be presented for settlement to the HON one of the judges of the
within named Court at
on           at            M.
Dated,

Yours, etc.

LAW OFFICE OF ANDREW C. LAUFER, PLLC